### DOYLE *v*. DAYS.

<div style="float:right">94 | 633<br>s99 | 62</div>

Conceding the plaintiff's right to recover some amount, the evidence was too vague, uncertain and indefinite to authorize a recovery in his favor for the sum of $750. The jury having been instructed by the court to find such damages only as would compensate the plaintiff for the actual damage he may have suffered, and not, therefore, having passed upon the question of exemplary or punitive damages, and the evidence not containing sufficient facts or *data* on which to estimate or calculate the actual loss sustained by the plaintiff in his business by reason of his alleged unlawful eviction by the defendant (a specific item of loss by dealing in real estate, referred to in the evidence, being too remote to be recovered as damages in this case), the verdict cannot be sustained.
July 16, 1894.                                       *Judgment reversed.*

Action for damages. Before Judge MACDONELL. City court of Savannah. July term, 1893.

Days sued Doyle for unlawfully excluding him from the possession of a fish-house (the upper part of which Days had occupied with his family as a residence), which premises he claimed to be entitled to hold under a contract of rental from Doyle. After verdict in plaintiff's favor for $750, defendant moved for a new trial on the grounds that the same was contrary to law and evidence, against the weight of evidence, and excessive. The motion was overruled. On the question of Days' right to hold the premises, the evidence is conflicting. In his behalf, the testimony was, in brief, as follows: In June, 1891, he was holding under a contract of rent at the rate of $200 a year, payable monthly. There was an agreement that the tenancy might be terminated at any time on thirty days notice given by either party.

Doyle wanted to make repairs, and on his promise to let Days have half of the fish-house by the first of August, Days moved out with his family. He tried to find a place for a fish-house but could not; and occupied for two months a portion of premises used by Ely Avereno. Then Ely's business began to be better, and Days saw it was impossible for them both to get along there. Doyle told him three weeks would be long enough to fix what he was going to do, and Days got two or three little rooms for his family. At that time a tenant of a house belonging to him was ready to move out, but he told her she could stay. Doyle's hands worked on the premises for a week or two, and then stopped; and after three weeks he refused to let Days have the premises again unless Days paid $40 a month for them. The fish business gets better in October than it is in summer. After leaving Ely's, Days sold his own house for a thousand dollars less than he was offered for it some time before, and bought a fish-house from Smith, but was not able to pay for it and sold it for about what it cost. His stall was two months vacant, his customers were scattered and gone elsewhere and would not return to him, his health was bad and the worry and excitement made him sick, he was losing money and was compelled to quit the fish business. He had a large family, and when in business it cost him $1,300 to $1,400 a year to support them. Some years he would make $1,000 clear, and sometimes not $10 clear. After he left Doyle's place and started out first at Ely's, he was $1,500 out of pocket. At Ely's he conducted business on a very small scale, but could not do one third of the business he had been doing. Where he used to buy ten, fifteen or twenty barrels, he could buy only two, for want of a place to put them, etc.

O'CONNOR & O'BYRNE and DENMARK & ADAMS, for plaintiff in error. HARDEN, WEST & McLAWS, *contra*

## COLLINS v. WILLIAMSON.

One who, at the instance of a vendee of land who was in possession under a bond for' titles with none of the purchase-money paid, bid off the land at a sheriff's sale, under a parol agreement with the vendee, the defendant in execution, that he would buy in the land, advance the money, and take the sheriff's conveyance to himself for the benefit of such vendee, and who, while the bidding was in progress, discouraged bidding by another by stating that he was bidding in behalf of the vendee, holds as trustee for the latter such title as he derived from the sheriff, and on being paid or tendered in due time the amount of his bid and all other money advanced by him in consequence of his purchase, with interest thereon, may be compelled by decree to convey the premises to said vendee by release or quitclaim deed.

July 23, 1894.                              *Judgment reversed.*

Equitable petition. Before H. D. D. Twiggs, judge *pro hac vice.* Emanuel superior court. October term, 1893.

HINES, SHUBRICK & FELDER and F. H. SAFFOLD, for plaintiff. WILLIAMS & SMITH, for defendant.